IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                  :     CASE NO. 11-04001

VICTOR MANUEL COTTO COLON;    :
ROSA ELENA TORRES ALMAN     :     CHAPTER 13

    Debtors                :

_____ :

VICTOR MANUEL COTTO COLON;    :
ROSA ELENA TORRES ALMAN     :     ADVERSARY NO. 12-0002

    Plaintiffs            :

vs.                     :

SANTANDER FINANCIAL SERVICES   :
CORP. D/B/A ISLAND FINANCE, JOHN   :
DOE, RICHARD ROE AND ABC     :
INSURANCE COMPANY        :

    Defendants          :

_____ :

## OPINION AND ORDER

This case is before the court upon the Chapter 13 Trustee's (hereinafter referred to as "Trustee"") Motion for Entry of Order Directing Debtors to Pay Into the Plan Settlement Funds filed on September 25, 2012 alleging that the monies which the Debtors will receive from a settlement are property of the estate pursuant to 11 U.S.C. §1306 and thus, the same have to be paid into the plan as disposable income under 11 U.S.C. §1325(b) (Docket No. 20). The Debtors filed their Opposition to Trustee's Request for Order Directing Debtors to Pay Into Plan Settlement Funds on October 29, 2012 arguing; (i) that the Trustee's request is procedurally flawed since he had to file a request to modify the confirmed plan in the legal case, not in the adversary proceeding; (ii) the confirmed plan does not provide for payment of the settlement funds into the plan. To increase the plan base, the Trustee needs to file a post-petition amended plan, with proper notice to all parties in conformity with 11 U.S.C. §1329(a) to allow the Debtors and all parties in interest an opportunity to object to the post-confirmation amended plan and /or provide a different post-confirmation plan; and (iii) the Debtors

need these funds to perform extraordinary repairs to their home (Docket No. 25).  For the reasons set forth below the Trustee's motion requesting that the settlement funds be paid into the plan is denied.

Facts and Procedural Background

Victor Manuel Cotto Colon and Rosa Elena Torres Alman filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on May 12, 2011 (Case No. 11-04001[1]). On September 8, 2011, the Debtors' Chapter 13 plan was confirmed (Lead Case, Docket No. 31).

On January 9, 2012, the Debtors filed an adversary proceeding against Santander Financial Services Corp. d/b/a as Island Finance (hereinafter referred to as the "Santander Financial") alleging that Santander Financial wilfully violated the automatic stay under 11 U.S.C. §362(a) by sending a letter to Debtors demanding payment of a pre-petition debt. The Debtors allege that they received this letter on approximately July 18, 2011. On May 9, 2012, Santander Financial filed their answer to the complaint (Docket No. 15). On May 18, 2012, a pre-trial conference was held in which the court granted the motion to set aside entry of default and request for extension of time to plead by Santander Financial d/b/a Island Finance as there was no opposition filed (dkt #13). The court granted the parties 90 days to conclude discovery; 120 days to file dispositive motions; replies are due 21 days thereafter; 120 days to file a settlement agreement. (Docket No. 17). On September 20, 2012, the parties filed a joint stipulation of voluntary withdrawal of complaint by which Santander Financial will pay the Debtors the amount of $1,500 to voluntarily withdraw with prejudice the complaint (Docket No. 19).

On September 25, 2012, the Trustee filed the Motion for Entry of Order Directing Debtors to Pay Into the Plan Settlement Funds alleging that the monies (which amount to $1,500) which the Debtors will receive from a settlement are property of the estate pursuant to 11 U.S.C. §1306 and thus, the same have to be paid into the plan as disposable income under 11 U.S.C. §1325(b) (Docket No. 20).  On October 2, 2012, the Debtors filed a motion requesting an extension of thirty (30) days to answer motion filed at docket entry 20 (Docket No. 21). On October 9, 2012, the court granted

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 11-04001 (ESL).

Debtors' request for an extension of time to answer Trustee's motion (Docket No. 21). On October 29, 2012, the Debtors filed their Opposition to Trustee's Request for Order Directing Debtors to Pay Into Plan Settlement Funds (Docket No. 24). Also, on October 29, 2012, the Debtors filed their Opposition to Trustee's Request for Order Directing Debtors to Pay Into Plan Settlement Funds, with Exhibit arguing; (i) that the Trustee's request is procedurally flawed since he had to file a request to modify the confirmed plan in the legal case, not in the adversary proceeding; (ii) the confirmed plan does not provide for payment of the settlement funds into the plan. To increase the plan base, the Trustee needs to file a post-petition amended plan, with proper notice to all parties in conformity with 11 U.S.C. §1329(a) to allow the Debtors and all parties in interest an opportunity to object to the post-confirmation amended plan and /or provide a different post-confirmation plan; and (iii) the Debtors need these funds to perform extraordinary repairs to their home (Docket No. 25).

Applicable Law and Analysis

*Modification after Plan Confirmation 11 U.S.C. §1329(a)*

Section 1329(a) states in pertinent part that;

> "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may ne modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>> (2) extend or reduce the time for such payments;
>> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
>> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent) of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that." 11 U.S.C. §1329(a).

"Under section1329(a), at any time after confirmation and before the debtor completes plan payments, the debtor, the trustee or the holder of an allowed unsecured claim may request that the plan be modified. The modification requested may alter the payments to claims in a particular class, extend or reduce the time for payments or alter the distribution to a creditor to take into account any payment received by that creditor outside the plan." Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1329.01(16th ed. 2012). Section 1329(b) provides that a proposed plan modification must

satisfy the requirements of §§1322(a), 1322(b), 1323(c) and 1325(a). 11 U.S.C. §1329(b); See also; Barbosa v. Soloman, 235 F. 3d 31, 34, fn. 5 (1st Cir. 2000). "A Chapter 13 trustee is prohibited from unilaterally modifying a confirmed Chapter 13 plan" William L. Norton, Jr, 7 Norton Bankr. L. & Prac. 3d §150:2 (2013).  A trustee must file a motion to request a post-confirmation plan modification to increase the percentage to be distributed to unsecured creditors.

The court finds that the Trustee's request to include the monies ($1,500.00) stemming from a settlement agreement to be paid into the plan is an informal request of a post-confirmation modification to Debtors' plan, given that it will increase the plan base. The Trustee's request for a post-petition plan confirmation must be filed in the lead case, and if there is an objection filed to the same, it becomes a contested matter.  The post-confirmation plan modification must comply with 11 U.S.C.  §1329 and Fed. R. Bankr. P. 3015(g).

Conclusion

For the reasons stated above the court finds that the Trustee's request for Debtors to pay into the plan monies resulting from a settlement agreement constitutes a post-confirmation plan modification and as such it must be executed in conformity with 11 U.S.C. §1329 and Fed. R. Bankr. P. 3015(g).

In view of the foregoing, the Trustee's Motion for Entry of Order Directing Debtors to Pay Into the Plan Settlement Funds is hereby DENIED.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of January 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge